## JAMES S. NICHOLSON v. STATE.

No. A-9547.   March 21, 1940.
(100 P. 2d 896.)

W. E. Rice, of Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error was tried upon an information charging that in Kay county on the 1st day of August, 1937, he did unlawfully, willfully and feloniously drive an automobile on the public streets of Ponca City.   The trial resulted in a verdict of guilty, but the jury were unable to agree upon the punishment.   On January 28, 1938, the court rendered judgment on the verdict and he was sentenced to confinement in the state penitentiary at McAlester for the term of four months, and it was further ordered that his driver's license be re-

voked for a period of one year. From the judgment an appeal to this court was duly perfected.

While his appeal was pending and awaiting decision before this court, his attorney of record filed a motion to dismiss the appeal for the reason that on the application of plaintiff in error, a parole was granted plaintiff in error by Hon. E. W. Marland, Governor, December 29, 1938, and the same duly attested by F. C. Carter, Secretary of State, was accepted by plaintiff in error.

The uniform holding of this court is that when the pardon power extends clemency, and the same is accepted pending the determination of the appeal, the appeal will be dismissed. Stout v. State, 38 Okla. Cr. 30, 258 P. 1054.

Where plaintiff in error accepts parole pending the determination of his appeal, he thereby waives the right to have his appeal determined; and, when notice of this fact is brought to the attention of the court, the appeal will be dismissed. Hicks v. State, 24 Okla. Cr. 43, 215 P. 794.

It follows that the motion to dismiss the appeal will be sustained. It is therefore considered, adjudged and ordered that the appeal herein be and the same is hereby dismissed, and the cause remanded to the district court of Kay county.

BAREFOOT and JONES, JJ., concur.